# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA,
MIAMI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DEREK LEWIS and JOEY NEIMAN,  )<br>)<br>) | |
| Plaintiffs/Relators,  ) | Civil Action No. 18-20394-CIV-Scola |
| )<br>vs.  )<br>) | Judge Robert N. Scola |
| COMMUNITY HEALTH SYSTEMS, ) INC. *et al.*  )<br>) | DECLARATION |
| Defendants.  ) | |

**DECLARATION OF DAVID E. MORRISON IN SUPPORT OF RELATORS' MOTION FOR 14-DAY EXTENSION OF TIME TO SERVE THE SUMMONS AND COMPLAINT**

I, David E. Morrison, under penalty of perjury, declare the following:

1. I am over the age of eighteen and competent to testify about the matters discussed herein, of which I have personal knowledge.

2. I am an attorney at law admitted to practice law in the State of Illinois, a principal of the law firm Goldberg Kohn Ltd., and co-counsel to the counsel of record for the relators Derek Lewis and Joey Neiman ("Relators"), in the above-captioned matter. I intend on filing an application to be admitted *pro hac vice* in this matter. I have personal knowledge of the matters set forth herein, and could and would competently testify as to the matters set forth below.

3. Defendant Medhost, Inc., Defendants Community Health Systems, Inc. and CHSPSC, LLC (collectively "CHS") and 64 of the 140 CHS-affiliated entities named in the complaint and identified in Exhibit A to the complaint have waived service of process and have received a copy of the complaint (as well as the Court's Order Unsealing [Dkt. No. 21], and a copy of the Notice of the United States That It Is Not Intervening At This Time [Dkt. No. 20]).

4. Rather than burden the Court with individual summons for the 140 hospitals named as Defendant CHS hospitals in the complaint, I have recently been working with counsel for CHS-affiliated entities Martin Goldberg of Lash & Goldberg LLP to have all CHS defendants waive service of summons. On June 11, 2019, Mr. Goldberg confirmed for me via email that to date he could accept and waive service of process for 64 of the current CHS-affiliated entities named in the complaint.

5. If, after the cooperative process we have undertaken with Mr. Goldberg concludes, there are any remaining entities that require formal service of process, then Relators' counsel will have a relatively small number of defendants to serve, reducing the burden on the Court to issue individual summons and on Relators to serve process. We estimate that it would require no more than 14 days to obtain and file every defendant's waiver of service and, if necessary, to have served a limited number of remaining defendants with a summons.

6. Mr. Goldberg, acting as counsel for the CHS-affiliated entities, informed me that he does not oppose Relators' motion for an extension of time to serve the summons and complaint under Rule 4(m) for an additional 14 days, to June 25, 2019.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

This is the 11th day of June, 2019.        /s/ David E. Morrison
                                            David E. Morrison