# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## MIAMI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>DEREK LEWIS and JOEY NEIMAN,<br><br>     Plaintiffs,<br><br>     v.<br><br>COMMUNITY HEALTH SYSTEMS, INC.,<br>et al.,<br>     Defendants. | No. 18-CV-20394-RNS |

## DEFENDANT COMMUNITY HEALTH SYSTEMS, INC'S MOTION TO DISMISS RELATORS' FIRST AMENDED COMPLAINT AND <u>INCORPORATED MEMORANDUM OF LAW</u>

LASH & GOLDBERG LLP
Martin B. Goldberg
Florida Bar No. 0827029
Daryl L. Saylor
Florida Bar No. 100376
100 Southeast 2nd Street, Suite 1200
Miami, FL 33131-2158
Telephone: (305) 347-4040
Facsimile: (305) 347-4050

*Counsel for Defendant Community Health Systems, Inc.*

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................... 1

STANDARD OF REVIEW .................................................................. 4

ARGUMENT ....................................................................................... 5

   I.    THE COMPLAINT FAILS TO STATE A CLAIM AGAINST CHSI ...................... 5

     A. The Complaint Cannot State a Claim Against CHSI Based on Ownership ............... 6

     B. The Complaint Improperly Lumps Defendants Together ........................................... 9

     C. The Complaint Fails to Plead Fraud with Particularity .............................................. 11

       1. The Complaint Fails to Allege with Particularity the Who, ................................. 11
           What, Where, and When as Rule 9(b) Requires

       2.   The Complaint Fails to Allege with Particularity How CHSI Operates ........... 12

       3. The Complaint Does Not Allege with Particularity That CHSI ........................... 12
           Submitted, or Caused to be Submitted, A False Claim

     D.  The Complaint Fails to State a Claim for Conspiracy ............................................. 14

     E.  The Complaint Fails to Identify Any False Statement ............................................. 15

   CONCLUSION.......................................................................................... 16

ii

**Lash&Goldberg** LLP
LASHGOLDBERG.COM

**MIAMI** 100 Southeast 2nd Street, Suite 1200 • Miami, Florida  33131-2158 • 305 347 4040 tel  305 347 4050 fax
**FT. LAUDERDALE** 2500 Weston Road, Suite 220 • Weston, Florida  33331-3615 • 954 384 2500 tel  954 384 2510 fax
**TAMPA** 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

## TABLE OF AUTHORITIES

### *Cases*

*Am. Univ. of the Caribbean v. Tien*,
  2014 WL 12684856 (S.D. Fla. Jan. 15, 2014) ..................................................... 8

*Ambrosia Coal & Const. Co. v. Pages Morales*,
  482 F. 3d 1309 (11th Cir. 2007) ...................................................................... 10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................ 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................ 4

*Berene v. Nationstar Mortgage, LLC*,
  2015 WL 13779241 (S.D. Fla. May 29, 2015) ................................................. 8

*Byrne v. Nezhat*,
  261 F. 3d 1075 (11th Cir. 2001) ...................................................................... 10

*Century Sr. Servs. v. Consumer Health Ben. Ass'n, Inc.*,
  770 F. Supp. 2d 1261 (S.D. Fla. 2011) ........................................................... 8

*City of St. Petersburg v. Total Containment, Inc.*,
  2007 WL 9701124 (S.D. Fla. Feb. 5, 2007) .................................................... 8

*Corsello v. Lincare, Inc.*,
  428 F. 3d 1008 (11th Cir. 2005) .................................................................. 5, 15

*Ebrahimi v. City of Huntsville Bd. of Educ.*,
  114 F. 3d 162 (11th Cir. 1997) ....................................................................... 10

*Ed-Gel, LLC v. Wells Pharmacy Network, LLC*,
  2014 WL 12461262 (S.D. Fla. May 21, 2014) (dismissing ............................ 11

*In re Palm Beach Finance Partne*rs, LP,
  2012 WL 12865225 (S.D. Fla. Bankr. July 2, 2012) ....................................... 5

*Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*,
  162 F. 3d 1290 (11th Cir. 1998) ...................................................................... 7

*Joseph v. Bernstein*,
  612 Fed. Appx. 551 (11th Cir. 2015) .............................................................. 10

iii

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida  33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida  33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

*Luxottica Grp. V. S.p.A. v. Airport Mini Mall, LLC*,
    932 F. 3d 1303 (11th Cir. 2019) ...................................................... 12

*McDonough v. City of Homestead*,
    771 Fed. Appx. 952 (11th Cir. 2019)................................................. 9

*Mendez v. JFK Med. Ctr. Ltd. P'ship*,
    2018 WL 504210 (S.D. Fla. Sept. 4, 2018) ...................................... 6

*Molinos Valle Del Cibao, C. por A. v. Lama*,
    633 F. 3d 1330 (11th Cir. 2011) ...................................................... 12

*PNC Bank, Nat'l Assoc. v. Fresh Diet, Inc.*,
    2018 WL 3412871 (S.D. Fla. Mar. 22, 2018)................................... 6

*Palazzo v. Gulf Oil Corp.*,
    764 F. 2d 1381 (11th Cir. 1985) ...................................................... 12

*Raber v. Osprey Alaska, Inc.*,
    187 F.R.D. 675 (M.D. Fla. 1999)...................................................... 8

*Runton v. Brookdale Senior Living, Inc.*,
    2018 WL 1057436 (S.D. Fla. Feb. 2, 2018) ..................................... 7

*U.S. ex rel. Bane v. Breathe Easy  Pulmonary Servs., Inc.*,
    597 F. Supp. 2d 1280 (M.D. Fla. 2009)............................................ 14

*U.S. ex rel. Butler v. Magellan Health Services, Inc.*,
    74 F. Supp. 2d 1201 (M.D. Fla. 1999)............................................. 5

*U.S. ex rel. Chase. v. HPC Healthcare, Inc.*,
    723 Fed. Appx. 783 (11th Cir. 2018)............................. 12, 13, 14, 15

*U.S. ex rel. Clausen v. Lab Corp. of Am., Inc.*,
    290 F. 3d 1301 (11th Cir. 2002) ................................................. 4, 5

*U.S. ex rel. Cullins v. Astra, Inc.*,
    2010 WL 625279 (S.D. Fla. Feb. 17, 2010) .................................... 14

*U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp.*,
    498 F. Supp. 2d 25 (D.D.C. 2007) ................................................... 7

*U.S. ex rel. Holbrook v. Brink's Co.*,
    2015 WL 196424 (S.D. Ohio Jan. 15, 2015) ................................... 7

iv

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida  33131-2158 • 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida  33331-3615 • 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

*U.S. ex rel. Lawson v. Aegin Therapies, Inc.*,
   2013 WL 5816501 (S.D. Ga. Oct. 29, 2013) ........................................................... 7

*U.S. ex rel. Martinez v. KPC Healthcare, Inc*,
   2017 WL 10439030 (C.D. Cal. June 8, 2017) ....................................................... 7

*U.S. ex rel. Silingo v. WellPoint, Inc.*,
   904 F. 3d 667 (9th Cir. 2018) ............................................................................. 10

*U.S. ex rel. Tillson v. Lockheed Martin Energy Sys., Inc.*,
   2004 WL 2403114 (W.D. Ky. Sept. 30, 2004) ...................................................... 7

*U.S. v. Bestfoods*,
   524 U.S. 51 (1998) ............................................................................................... 6

*U.S. v. Universal Health Servs., Inc.*,
   2010 WL 4323082 (W.D. Va. Oct. 31, 2010) ........................................................ 7

*Urquilla-Diaz v. Kaplan Univ.*,
   780 F. 3d 1039 (11th Cir. 2015) ..................................................................... 3, 5

*Vibe Micro, Inc. v. Shabanets*,
   878 F. 3d 1291 (11th Cir. 2018). ......................................................................... 9

*Weiland v. Palm Beach Cty. Sheriff's Office*,
   792 F. 3d 1313 (11th Cir. 2015) ......................................................................... 9

*Yamashiro Fin. Sers., Inc. v. Tenmark Marine, Inc.*,
   2007 WL 9709721 (S.D. Fla. Apr. 23, 2007) ....................................................... 8

## ***Statutes***

31 U.S.C. § 3729(a)(1)(A) ...................................................... 2, 3, 4, 12, 14, 15

31 U.S.C. § 3729 (a)(1)(B) ........................................................ 2, 3, 12, 15

31 U.S.C. § 3729 (a)(1)(C) ........................................................ 2, 3, 12, 14

31 U.S.C. § 3729(a)(1)(G) ........................................................... 2, 3, 12

31 U.S.C. § 3730(b)(1) ...................................................................... 2

42 U.S.C. § 1320a-7b(b) .................................................................. 11

Lash&GoldbergLLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

### *Rules*

Fed. R. Civ. P. 8(a) ............................................................................................ 1, 8, 9

Fed. R. Civ. P. 9(b) ....................................................................................... 1, 3, 4, 9, 14

Fed. R. Civ. P. 12(b)(6)............................................................................................. 1,4

Lash&GoldbergLLP
LASHGOLDBERG.COM

**MIAMI** 100 Southeast 2nd Street, Suite 1200 • Miami, Florida  33131-2158 • 305 347 4040 tel   305 347 4050 fax
**FT. LAUDERDALE** 2500 Weston Road, Suite 220 • Weston, Florida  33331-3615 • 954 384 2500 tel   954 384 2510 fax
**TAMPA** 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

Pursuant to Federal Rules of Civil Procedure 8(a), 9(b) and 12(b)(6), Defendant Community Health Systems, Inc. ("CHSI"), by and through undersigned counsel, respectfully moves this Court to dismiss Plaintiff-Relators Derek Lewis and Joey Neiman's ("Relators") First Amended Complaint for failure to state a claim upon which relief may be granted.  In support of this motion, CHSI states as follows:

## PRELIMINARY STATEMENT[1]

This is a False Claims Act ("FCA") *qui tam* action relating to the incentive program created by the Health Information Technology for Economic and Clinical Health Care ("HITECH") Act to promote and expand the adoption of electronic health records ("EHR") (commonly called "Meaningful Use"). That program paid incentives to providers which implemented and meaningfully used EHR technology. Relators' first complaint alleged on a conclusory basis that, based on a smattering of technical glitches and software bugs, the defendants[2] defrauded the government to obtain Meaningful Use incentive payments.  But after more than a year of extensive investigation, the government elected not to intervene.  Doc. No. 20.  Relators, however, chose to proceed forward alone under 31 U.S.C. § 3730(b)(1), filing

---

[1] References to the docket are abbreviated as "Doc. No. __." The "Complaint" or "FAC" refers to the first amended complaint (Doc. No. 123). All emphasis is added, unless otherwise noted.  For purposes of this motion only, factual allegations in the Complaint are presumed as true, as required.

[2] CHSI is a holding company that does not engage in any business other than those activities associated with being a publicly traded stock company. CHSPSC, LLC ("CHSPSC") is a management company that provides services to subsidiary hospital operators which are owned (or leased) and operated by a separate and distinct legal entity. The Complaint names as defendants 140 individual hospitals, most of which are current or former affiliates of CHSI and CHSPSC. These affiliated-hospitals will be referred to herein as the "Hospital Defendants" or the hospitals.

1

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida  33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida  33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

the amended Complaint on July 26, 2019.  Although the length of Relators' pleading grew from 211 to 306 paragraphs, the allegations of fraud remain conclusory and exceedingly general. Relators still do not state a viable FCA claim against CHSI for the many reasons set forth below.

*First*, Relators' allegations make clear that CHSI was named as a defendant in this action solely in its capacity as a parent company – not because of any alleged wrongdoing. The nearly 100-page Complaint refers to CHSI a mere 8 times, and it only does so as a matter of introduction.  *See* FAC ¶¶ 30, 31, 32, p.1.  Not a single CHSI employee, officer or director is mentioned in one of the Complaint's 306 allegations. Under basic tenets of corporate law, stock ownership alone does not render a parent company liable for a subsidiary's acts.  To hold a parent accountable for the acts of another, the subsidiary's corporate veil must be pierced. Here, the Complaint is bereft of such an allegation. CHSI thus is not a proper defendant.

*Second*, the Complaint also constitutes an improper "shotgun pleading."  It combines four separate FCA claims – presentment of a false claim (31 U.S.C. § 3729(a)(1)(A)), submission of false records (*id.* at § 3729(a)(1)(B)), a reverse false claim (*id.* at § 3729(a)(1)(G)), and conspiracy (*id.* at § 3729(a)(1)(C)) – within a single count. The Complaint packages those four claims against Medhost, Inc., CHSI, CHSPSC, and 140 hospitals without differentiating between the "Defendants," even though the software vendor, corporate entities, and hospitals play distinct roles in Meaningful Use.  *See* FAC ¶¶ 297-302. It therefore is impossible to know which allegations are intended to support which claim for relief against which defendants. This is hardly sufficient to state a viable claim against CHSI as a matter of law.

Lash&GoldbergLLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida  33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida  33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

*Third*, to the extent Relators allege "actual participation" against CHSI, the allegations fall woefully short of pleading fraud with particularity. Because no CHSI employee, officer or director appears in the Complaint, a claim based on CHSI's participation simply could not have been pled. It lacks specific allegations that (i) CHSI knowingly submitted, or caused to be submitted, a false claim to the government (31 U.S.C. § 3729(a)(1)(A)), (ii) the government paid false claims in reliance on false records or statements that CHSI knowingly submitted or caused to be submitted (*id.* § 3729(a)(1)(B)), (iii) CHSI knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the government (*id.* § 3729(a)(1)(G), and (iv) CHSI conspired to commit a violation of the FCA's presentment or false records provisions (*id.* § 3729(a)(1)(C)).  This too is fatal.

*Fourth*, even putting the foregoing defects aside, the Complaint only mentions CHSI as an after-thought as Relators describe various software problems at "CHS" and supposed wrongdoing by "Defendants."  That will not do.  If Relators want to plead that CHSI intentionally defrauded the government, Rule 9(b) requires that they allege "the details of [CHSI's] purportedly fraudulent acts, when they occurred, and who engaged in them." *Urquilla-Diaz v. Kaplan Univ.*, 780 F. 3d 1039, 1051 (11th Cir. 2015).  Relators may not end-run that basic pleading requirement by pointing the finger at the imagined monolith of "CHS" (or some conglomeration of unnamed "Defendants"), without a single allegation of wrongdoing by particular employees employed by CHSI and an explanation of what they actually did to advance the purported fraud.

*Fifth*, Relators misapprehend the Meaningful Use regulations.  The hospitals were not required to attest that a vendor's software should have been certified to a relator's satisfaction in hindsight or that the EHR was flawless in every circumstance.  Perfection simply was not

3

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida  33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida  33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2355 • 813-284-4002 tel

the standard. Thus, a core assumption on which the Complaint rests is wrong. Relators do not identify any false statement in the hospitals' attestations.[3]

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires dismissal if a complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A complaint is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). But "mere labels and conclusions," nor "a formulaic recitation of the elements of a cause of action will [suffice]." *Twombly*, 550 U.S. at 556-57. Although a court must accept all factual allegations as true and draw reasonable conclusions in Relators' favor, it is not required to credit "mere conclusory statements." *Id.* If the complaint has not pled sufficient facts to "nudg[e] the[] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

Moreover, claims of fraud under the FCA, like all fraud claims, are subject to a heightened pleading standard.  Under Rule 9(b) of the Federal Rules of Civil Procedure, Relators must "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b); *see U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F. 3d 1301, 1309 (11th Cir. 2002). "[C]onclusory allegations" of fraud are not enough to survive a motion to dismiss;

---

[3] For a more comprehensive background on the HITECH Act, the Meaningful Use requirements, CHSPSC and the hospitals, CHSI refers the Court to CHSPSC's and the Hospital Defendants' respective Motions to Dismiss and Memoranda of Law ("Moving Papers"). *See* Doc. No. 132, CHSPSC Moving Papers; Doc. No. 133, Hospital Defendants Moving Papers.

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida  33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida  33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

Relators must present "specific information about the actual submission of claims to the Government." *Clausen*, 290 F.3d at 1311.  A complaint must "allege 'facts as to time, place, and substance of the defendant's alleged fraud,' particularly, 'the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them.'" *Urquilla-Diaz*, 780 F.3d at 1051 (quoting *Clausen*, 290 F.3d at 1309).  In other words, a complaint must identify "the 'who,' 'what,' 'where,' 'when,' and 'how' of fraudulent submissions to the government." *Id.* at 1052 (quoting *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (per curiam)).

While this sets a high bar for a *qui tam* plaintiff to bring an action, the Eleventh Circuit recognizes it is necessary to prevent "speculative suits against innocent actors for fraud." *Clausen*, 290 F. 3d at 1308 (citation omitted).  This district, meanwhile, further observes that it prevents "fishing expeditions." *In re Palm Beach Fin. Partners, LP*, 2012 WL 12865225, at *15 n.8 (S.D. Fla. Bankr. July 2, 2012); *see also U.S. ex rel. Butler v. Magellan Health Services, Inc*., 74 F. Supp. 2d 1201, 1215 (M.D. Fla. 1999).

## <u>ARGUMENT</u>

### I.      THE COMPLAINT FAILS TO STATE A CLAIM AGAINST CHSI

Relators' allegations against CHSI are wholly conclusory and speculative. In the 95-page pleading, CHSI is referred to only 8 times.  *See* FAC ¶¶ 30, 31, 32, p.1.  Of the 306 paragraphs in the Complaint that purport to include factual allegations against CHSI, only 3 contain actual allegations against CHSI by name.  *Id*. ¶¶ 30, 31, 32. The Complaint effectively concedes that CHSI was named as a defendant in this *qui tam* action in its capacity as a parent company – not because of any alleged wrongdoing.

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida  33131-2158 • 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida  33331-3615 • 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

*First*, Relators allege that, "through its wholly owned direct or indirect subsidiaries, CHSI owned, leased or operated 127 hospitals in 20 states with an aggregate of approximately 26,000 licensed beds." *Id.* ¶ 30.

*Second*, Relators allege that "CHSPSC is a subsidiary at CHSI that manages CHS's hospitals and other affiliates." *Id.* ¶ 31.

*Finally*, Relators allege that "CHSI and/or its direct and indirect subsidiaries owned, leased or operated each of the hospitals during the relevant time period." *Id.* ¶ 32.

This – incredibly – summarizes the entire universe of threadbare factual allegations specifically made against CHSI.

### A.      The Complaint Cannot State a Claim Against CHSI Based on Ownership

Relators attempt to name CHSI as a defendant in this *qui tam* action because it "directly or indirectly" "owned" CHSPSC and the hospitals. *See* FAC ¶¶ 30-32. Such a tactic defies longstanding principles of corporate law though.  Mere ownership is insufficient to state a claim as a matter of law.

It is black letter law that the acts of one corporation generally cannot by imputed to another, even in the parent-subsidiary context.  *See PNC Bank, Nat'l Assoc. v. Fresh Diet, Inc.*, 2018 WL 3412871, at *3 (S.D. Fla. Mar. 22, 2018) ("A parent-corporation … is not responsible for the acts of its subsidiaries"). "It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation … is not liable for the acts of its subsidiary." *Mendez v. JFK Med. Ctr. Ltd. P'ship*, 2018 WL 504210, at *3 (S.D. Fla. Sept. 4, 2018) (quoting *U.S. v. Bestfoods*, 524 U.S. 51, 61 (1998)). Indeed, "'a parent corporation and its wholly-owned subsidiary are separate and distinct legal entities.'" *Mendez*, 2018 WL 504210, at *3 (citation omitted). "'[T]here is nothing inherently improper about a corporation

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida  33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida  33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

creating subsidiaries to perform specific functions.  This is what holding companies do.'" *Id.* (citation omitted).  This framework applies to FCA claims.[4]

Absent actual participation (which Relators do not plead with particularity), only one exception to this bedrock legal principle exists: When the subsidiary is a mere instrumentality of the parent.  *See Runton v. Brookdale Senior Living, Inc*., 2018 WL 1057436, at *7 (S.D. Fla. Feb. 2, 2018).  The corporate veil therefore must be pierced to hold a parent accountable for the acts of a subsidiary. This is a "rare" finding because the burden is very high.  *Id*. "[A] party seeking to pierce the corporate veil and hold a parent corporation liable for the actions of its subsidiary must prove (1) that the subsidiary was a 'mere instrumentality of the parent', and (2) that the parent engaged in improper conduct through its organization or use of the subsidiary." *Runton,* 2018 WL 1057436, at *7 (quoting *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc*., 162 F. 3d 1290, 1320 (11th Cir. 1998)).

---

[4] *See also U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp*., 498 F. Supp. 2d 25, 59-60 (D.D.C. 2007) ("[M]erely being a parent corporation of a subsidiary that commits an FCA violation, without some degree of participation by the parent in the claims process, is not enough to support a claim against the parent for the subsidiary's FCA violation"); *U.S. ex rel. Tillson v. Lockheed Martin Energy Sys., Inc*., 2004 WL 2403114, at *22–23 (W.D. Ky. Sept. 30, 2004) (dismissing FCA claim that alleged parent companies knew of or recklessly disregarded falsity of reports underlying false claims); *U.S. v. Universal Health Servs., Inc*., 2010 WL 4323082, at *3–4 (W.D. Va. Oct. 31, 2010) (dismissing FCA claim that alleged owner had control over its subsidiaries and "knew" of conduct by them that was in violation of the FCA); *U.S. ex rel. Martinez v. KPC Healthcare, Inc*, 2017 WL 10439030, at *6 (C.D. Cal. June 8, 2017) ("[T]he bare assertion that the Non-Hospital Defendants 'operated, directed, and conspired' with the hospital does not satisfy Rule 9's particularity standard"); *U.S. ex rel. Lawson v. Aegin Therapies, Inc*., 2013 WL 5816501, at *4 (S.D. Ga. Oct. 29, 2013) (The complaint only "describes Corporate Defendants' headquarters, industry, and relationship with each other at a high level of generality. The alleged relationships among Defendants – which are by no means clearly articulated in the Complaint – fall far short of showing a plausible claim under the FCA"); *U.S. ex rel. Holbrook v. Brink's Co*., 2015 WL 196424, at *25 (S.D. Ohio Jan. 15, 2015) (collecting cases finding that FCA plaintiffs must allege either personal participation or an alter ego or veil piercing theory).

Lash&Goldberg LLP

LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

Here, nowhere does the Complaint allege that CHSPSC or any hospital is a mere instrumentality of CHSI.  Nor does the Complaint allege – because it cannot – that CHSI engaged in any improper conduct that could pierce the corporate veil of CHSPSC or any hospital.  Relators do not even make such an allegation in conclusory fashion.  The Complaint is entirely devoid of the words "corporate veil" or "alter ego."  *See Raber v. Osprey Alaska, Inc*., 187 F.R.D. 675, 679 (M.D. Fla. 1999) (noting to pierce the corporate veil, the plaintiff must plead "instrumentality and improper conduct") (citation omitted).

The Complaint at most alleges that CHSI "operate[s]" the hospitals. *See* FAC ¶¶ 30, 32. Yet an allegation that a parent "exercises a *high degree* of control is not sufficient" to pierce the corporate veil.  *See Berene v. Nationstar Mortgage, LLC*, No. 14-61153-Civ-Scola, 2015 WL 13779241, at *3 (S.D. Fla. May 29, 2015) (emphasis in original). Relators' conclusory allegations fail to satisfy Rule 9(b)'s heightened pleading standard, much less Rule 8's lower bar.  *See Am. Univ. of the Caribbean v. Tien*, 2014 WL 12684856, at *2 (S.D. Fla. Jan. 15, 2014) (dismissing claim to pierce the corporate veil because it was not pled with particularity); *Yamashiro Fin. Sers., Inc. v. Tenmark Marine, Inc*., 2007 WL 9709721, at *5 n.2 (S.D. Fla. Apr. 23, 2007) (same); *City of St. Petersburg v. Total Containment, Inc*., 2007 WL 9701124, at *5 (S.D. Fla. Feb. 5, 2007) (same); *compare Century Sr. Servs. v. Consumer Health Ben. Ass'n, Inc*., 770 F. Supp. 2d 1261, 1265 (S.D. Fla. 2011) (finding that counter-plaintiff sufficiently alleged a claim for piercing the corporate veil after only discussing the pleading standard under Rule 8(a)).

In the end, the Complaint's focus on CHSI's ownership is misplaced and requires its dismissal from this action.  *See supra* n.4

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

### B.  The Complaint Improperly Lumps Defendants Together

Rather than pleading their claims with specificity against each defendant, as Rule 9(b) requires, Relators take an improper shortcut by lumping CHSI, CHSPSC and the hospitals together as a single entity. *See* FAC ¶ 30 ("Together CHSI and its directly or indirectly owned affiliate companies *are referred to herein as CHS*").

Using this flawed construct, Relators go on to allege in conclusory fashion acts committed by "CHS" or "Defendants." The Complaint is overflowing with such conflated allegations. *See*, *e.g*., FAC ¶ 1 ("This is an action … arising from false and/or fraudulent records, statements and claims made and caused to be made by *Defendants*"); ¶ 17 ("*CHS* disregarded the inadequate functionality"); ¶ 25 ("*Defendants'* false and fraudulent statements and conduct alleged in this Complaint violate the [FCA]"); ¶ 96 ("*CHS* made false claims, and false records and statements material to false claims, in attesting to Meaningful Use"); ¶ 296 ("*Defendants* knowingly caused the submission of false claims and false statements material to false claims to be submitted to the Government"). Relators' allegations therefore are imprecise and confusing as it concerns the actions attributable to each defendant.

This is a fatal shortcoming because the Eleventh Circuit has repeatedly rejected this tactic as improper. "[C]ombining multiple claims against multiple defendants without specifying which defendant is responsible for which act" constitutes a form of insufficient shotgun pleading. *McDonough v. City of Homestead*, 771 Fed. Appx. 952, 955 (11th Cir. 2019); *see also Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F. 3d 1313, 1321–23 (11th Cir. 2015) (same).  It violates Rule 8(a)(2)'s "short and plain statement" requirement by "failing … to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Vibe Micro, Inc. v. Shabanets*, 878 F. 3d 1291, 1294-95

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

(11th Cir. 2018).  Shotgun pleading "harm[s] the court by impeding its ability to administer justice" and frustrates the "orderly, efficient and economic disposition of disputes." *Byrne v. Nezhat*, 261 F. 3d 1075, 1131 (11th Cir. 2001); *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F. 3d 162, 165 (11th Cir. 1997).

Paragraph 12 illustrates the crux of the problem. There, Relators allege "CHS undertook a company-wide effort to implement certified EHR technology in its hospitals with the goal of obtaining meaningful use incentive payments."  FAC ¶ 12.  Relators attempt to imbue their allegations with some semblance of credibility by referring to a "company wide effort," suggesting a concerted approach across all levels of the fictional "organization." This allegation, however, is nothing more than mere innuendo untethered to any factual predicate. Nor can it be determined from the face of this allegation whether Relators actually meant to refer to CHSI, CHSPSC, or one of the 140 hospitals named as defendants in this action (and, if so, to which one were they referring). If Relators wish to bring a fraud claim against CHSI, they cannot allege that "everyone did everything," as their single claim of an FCA violation does. *See U.S. ex rel. Silingo v. WellPoint, Inc*., 904 F. 3d 667, 677 (9th Cir. 2018) (ruling in an FCA case involving multiple defendants, "with different actors playing different parts, it is not enough to 'lump' together the dissimilar defendants and assert that 'everyone did everything'").

Well-settled law requires that Relators' undifferentiated allegations against "CHS" and "Defendants" be ignored.  Thus, the Complaint fails to provide a legally sufficient basis on which to state a claim against CHSI.  *See Joseph v. Bernstein*, 612 Fed. Appx. 551, 555 (11th Cir. 2015) ("If the complaint indiscriminately groups the defendants together, it fails to comply with the minimum standards of Rule 8"); *Ambrosia Coal & Const. Co. v. Pages Morales*, 482

10

MIAMI 100 Southeast 2nd Street, Suite 1200  •  Miami, Florida  33131-2158  •  305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220  •  Weston, Florida  33331-3615  •  954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118  •  Tampa, FL 33606-2315  •  813-284-4002 tel

F. 3d 1309, 1317 (11th Cir. 2007) ("[T]he complaint alleged a RICO claim did not meet the Rule 9(b) particularity standard because it was devoid of specific allegations with respect to each defendant; the plaintiffs lumped together all of the defendants in their allegations of fraud"); *Ed-Gel, LLC v. Wells Pharmacy Network, LLC,* 2014 WL 12461262, at *2 (S.D. Fla. May 21, 2014) (dismissing claims against two entities because complaint erroneously grouped them together).

Ultimately, the Complaint must be dismissed as against CHSI.

### C.  The Complaint Fails to Plead Fraud with Particularity

Even if Relators did state a claim (and they did not), their claims should still be dismissed because they fail to plead fraud with particularity against CHSI.

### 1.  The Complaint Fails to Allege with Particularity the Who, What, Where, and When as Rule 9(b) Requires

CHSI agrees with the arguments set forth in the Hospital Defendants' Moving Papers. *See* Doc. No. 133.  As those papers make clear, Relators fail to allege *who* was involved in falsely attesting to compliance with the Meaningful Use Program (*id*. at 9-10), *which* attestations were false (*id*. at 10-12), *what* was false in any of the attestations submitted to the government  (*id*. at 12-13), *when* the false attestations were submitted (*id*. at 13-15), and *where* the alleged fraud took place (*id*. at 15).  Nor do Relators allege any facts to support a plausible inference of fraudulent intent.  *Id*. at 15-17.

Further, Relators' Anti-Kickback Statute claim (42 U.S.C. § 1320a-7b(b)) equally fails to identify the who, what, where, when, and how of fraudulent submissions to the government. *See* Hospital Defendants' Moving Papers, at 17.

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida  33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida  33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

### 2.  The Complaint Fails to Allege with Particularity How CHSI Operates

The absence of a single CHSI employee, officer or director in the Complaint necessarily means that the FCA claims fail as to CHSI.

"A corporation is a legal entity – a fictional person – capable of entering contracts and doing business in its own right."  *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F. 3d 1330, 1349 (11th Cir. 2011). As an artificial entity, a corporation "can act *only* through agents" like employees, officers, or directors.  *Palazzo v. Gulf Oil Corp*., 764 F. 2d 1381, 1385 (11th Cir. 1985); *Luxottica Grp. V. S.p.A. v. Airport Mini Mall, LLC*, 932 F. 3d 1303, 1317 (11th Cir. 2019) (same).  But the Complaint does not identify through whom CHSI operates.  It thus lacks specific allegations that (i) any CHSI employee, officer or director knowingly submitted, or caused to be submitted, a false claim to the government (31 U.S.C. § 3729(a)(1)(A)), (ii) the government paid false claims in reliance on false records or statements that any CHSI employee, officer or director knowingly submitted or caused to be submitted (*id.* § 3729(a)(1)(B)), (iii) any CHSI employee, officer or director knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the government (*id.* § 3729(a)(1)(G)), and (iv) any CHSI employee, officer or director conspired to commit a violation of the FCA's presentment or false records provisions (*id.* § 3729(a)(1)(C)). Missing such particularized allegations (which must underpin the key elements of the purported FCA violations), the Complaint fails as a matter of law.

### 3.  The Complaint Does Not Allege with Particularity That CHSI Submitted, or Caused to be Submitted, A False Claim

The Complaint suffers from another flaw too, namely it fails to point to a false claim CHSI submitted or caused to be submitted.  *See U.S. ex rel. Chase. v. HPC Healthcare, Inc*.,

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida  33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida  33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

723 Fed. Appx. 783, 789 (11th Cir. 2018) ("The submission of a false claim is the *sine qua non* of a False claims Act violation" and, therefore, it "must be pleaded with particularity").

Indeed, Relators repeatedly concede that the hospitals – not CHSI – made the purported false claims that underlie this action. *See* FAC ¶ 16 ("Each of CHS's *hospitals attested* to Meaningful Use"); ¶ 32 ("*Each hospital attested to Meaningful Use* of certified EHR technology based on their use of Medhost or PULSE software"); ¶ 32 ("Exhibit B … identifies some of the attestations that the *Defendant Hospitals* submitted for Medhost EHR technology and/or PULSE"); ¶ 102 (The "*hospitals attested* to Meaningful Use"); ¶ 237 ("On November 1, 2014, wave 1 CHS *hospitals submitted attestations* to CMS using order sets"); ¶ 258 ("Sixty of the HMA hospitals submitted Meaningful Use attestations during Stages 1 and/or 2 and were paid a total of $206 million in incentive payments"). Relators identify 140 hospitals and hundreds of purportedly false attestations. *See* FAC, Ex. B. None of the attestations, however, are alleged to have been made by CHSI. *Id*.

Faced with this inescapable fact, Relators try to salvage their claim against CHSI by alleging that "CHS" or "Defendants" *caused* the presentment of false claims to the government. *See, e.g.,* FAC ¶ 1 (This action arises from "false … claims made and *caused* to be made by Defendants and/or their agents and employees"); ¶ 2 ("This action alleges that Defendants submitted or *caused* to be submitted hundreds of millions of dollars in false claims to HHS"); ¶ 19 ("Defendants submitted, or *caused* to be submitted, false attestations for incentive subsidies"); ¶ 293 ("CHS and CHS hospitals knowingly presented and *caused* to be presented submission of false claims to the Government for EHR incentive payments to which they were not entitled"); ¶ 293 ("CHS and CHS hospitals also presented and *caused* the presentment of false attestations of compliance with Meaningful Use requirements").

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

But here, again, Relators' allegations are not supported by specific facts from which the Court could reasonably infer that CHSI may be liable for any purported violations. *See* FAC ¶¶ 297-306. Aside from formulaic recitations, nowhere in the Complaint is there an allegation about how CHSI purportedly caused any hospital to submit a false claim. This point is beyond dispute, as the Complaint did not point to a single CHSI employee, officer or director. Relators thus failed to allege that CHSI caused any hospital to submit a false claim to the government. *See U.S. ex rel. Cullins v. Astra, Inc.*, 2010 WL 625279, at *3 (S.D. Fla. Feb. 17, 2010) (finding complaint's conclusory allegation that defendant "'caused to be submitted' … false certifications" failed to state a claim under Rule 9(b)); *U.S. ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc.*, 597 F. Supp. 2d 1280, 1291-92 (M.D. Fla. 2009) (ruling complaint failed to allege that defendant caused a false claim to be submitted and, therefore, dismissal was warranted). The Complaint should be dismissed as against CHSI.

### D. The Complaint Fails to State a Claim for Conspiracy

Although the foregoing infirmities are dispositive, the Complaint also does not allege a viable conspiracy claim under 31 U.S.C. § 3729(a)(1)(C) given the absence of non-conclusory allegations about an agreement to violate the FCA.

To state a claim, a relator must allege (i) an unlawful agreement between defendants to violate 31 U.S.C. § 3729(a)(1); (ii) an act performed in furtherance of the conspiracy; and (iii) that the government suffered damages as a result. *See HPC Healthcare, Inc.*, 723 Fed. Appx. at 791. Like the other claims herein, Rule 9(b)'s heightened pleading standard applies. *Id.*

Relators' allegations fall short of the mark. They allege on a conclusory basis that "Defendants knowingly conspired with others to violate the FCA." FAC ¶ 302. This is the only allegation in the Complaint that even remotely touches on any sort of agreement. Such a

Lash&GoldbergLLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida  33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida  33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

bare assertion – which fails to identify anyone from the respective defendants who negotiated the purported agreement, nor any of the underlying facts about the same – does not satisfy Rule 9(b)'s requirements.  *See HPC Healthcare, Inc*., 723 Fed. Appx. at 791 (finding complaint that merely alleged "'Defendants knowingly conspired with each other' to violate §§ 3729(a)(1)(A) and 3729(a)(1)(B) of the False Claims Act" failed to state a claim); *see also Corsello v. Lincare, Inc*., 428 F. 3d 1008, 1014 (11th Cir. 2005) (dismissing conspiracy claim where the "bare legal conclusion" that defendants "conspired to defraud the Government" was not supported by specific factual allegations that they had entered an agreement). This too requires dismissal of the Complaint as against CHSI.

### E.  The Complaint Fails to Identify Any False Statement

CHSI finally agrees with the arguments made in CHSPSC's papers. *See* Doc. No. 132, CHSPSC Moving Papers, at 7-15. At bottom, Relators radically misapprehend the Meaningful Use regulations.  The hospitals were not required to attest that a vendor's software should have been certified to a relator's satisfaction or that the EHR was flawless in every circumstance. A core assumption on which the Complaint  rests therefore is erroneous. Relators do not identify any false statement in the Hospital Defendants' attestations.  Accordingly, the Complaint fails to state a claim as a matter of law and should be dismissed in its entirety as against CHSI.

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida  33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida  33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

## CONCLUSION

For these reasons, CHSI respectfully requests that this Court enter an Order: (1) dismissing the Complaint against CHSI in its entirety with prejudice for failure to state a claim, and (2) awarding CHSI any and all further relief the Court deems just and appropriate.

Respectfully submitted:

**LASH & GOLDBERG LLP**
Suite 1200, Miami Tower
100 Southeast Second Street
Miami, Florida 33131-2100
(305) 347-4040/Fax: (305) 347-4050
*Counsel for Defendant Community*
*Health Systems, Inc.*

By: /s/ *Martin B. Goldberg*_____
    Martin B. Goldberg
    Florida Bar No. 0827029
    mgoldberg@lashgoldberg.com
    Daryl L. Saylor
    Florida Bar No. 100376
    dsaylor@lashgoldberg.com

Lash&GoldbergLLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 24, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Martin B. Goldberg*
Martin B. Goldberg

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida  33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida  33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

Case No. 18-CV-20394-RNS

**SERVICE LIST:**

David J. Chizewer (admitted *pro hac vice*)
David E. Morrison (admitted *pro hac vice*)
Harleen Kaur (*pro hac vice* anticipated)
Danielle K. Johnson (*pro hac vice* anticipated)
Juan C. Arguello (*pro hac vice* anticipated)
GOLDBERG KOHN LTD.
55 E. Monroe Street, Suite 3300
Chicago, IL 60603
Tel: (312) 201-4000/Fax: (312) 863-7472
David.Chizewer@goldbergkohn.com
David.Morrison@goldbergkohn.com
Harleen.Kaur@goldbergkohn.com
Danielle.Johnsons@goldbergkohn.com
Juan.Arguello@goldbergkohn.com
Edward H. Arens (admitted *pro hac vice*)
PHILLIPS & COHEN LLP
100 The Embarcadero, Suite 300 San
Francisco, CA 94105
Tel: (415) 836-9000
earens@phillipsandcohen.com

Brandon L. Arnold (admitted *pro hac vice*)
Michael L. Waldman (admitted *pro hac vice*)
Lauren M. Cassady (admitted *pro hac vice*)
Robbins, Russell, Englert, Orseck,
Untereiner & Sauber, LLP
2000 K Street NW, 4th Floor
Washington DC 20006
Tel: (202) 775-4500
barnold@robbinsrussell.com
mwaldman@robbinsrussell.com

Laura F. Laemmle-Weidenfeld
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 2001
Tel: (202) 879-3939
lweidenfeld@jonesday.com

Colette G. Matzzie (admitted *pro hac vice*)
Luke J. Diamond (admitted *pro hac vice*)
PHILLIPS & COHEN LLP
2000 Massachusetts Avenue
NW Washington, DC 20036
Tel: (202) 833-4567
cmatzzie@phillipsandcohen.com
ldiamond@phillipsandcohen.com

Jeffrey W. Dickstein (FL Bar No. 434892)
PHILLIPS & COHEN LLP
Southeast Financial Center
200 S. Biscayne Blvd., Suite 2790
Miami, Florida 33131
Tel: (305) 372-5200
jdickstein@phillipsandcohen.com

Erika Stephanie Whyte (FL Bar No. 91133)
JONES DAY
600 Brickell Ave., Suite 3300
Miami, FL 33131
Tel: (305) 714-9700
ewhyte@jonesday.com
obencomo@jonesday.com
ycabreracruz@jonesday.com

Jessica M. Sarkis
Stephen G. Sozio
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114
Tel: (216) 586-3939
jsarkis@jonesday.com
sgsozio@jonesday.com

18

Lash&Goldberg LLP
LASHGOLDBERG.COM
MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel