UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA,
MIAMI DIVISION

Case NO. 18-20394-CIV-Scola/Torres

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* <br> DEREK LEWIS and JOEY NEIMAN, <br><br> Plaintiffs/Relators, <br><br> vs. <br><br> COMMUNITY HEALTH SYSTEMS, INC. *et al.* <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT MEDHOST INC.'S
MOTION TO STRIKE RELATORS' CONSOLIDATED RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTIONS TO DISMISS RELATORS' FIRST AMENDED
COMPLAINT**

Defendant MEDHOST, INC. ("MEDHOST") moves to strike Relators' Consolidated Response in Opposition to Defendants' Motions to Dismiss Relators' First Amended Complaint and for Attorney's Fees and Costs. Relators violated Local Rule 7.1(a)(3) by failing to meet and confer regarding their request to extend their page limit and, moreover, misrepresented to the Court that MEDHOST did not oppose that request. MEDHOST conferred with Relators' counsel prior to filing this Motion to Strike.

**I.   OPERABLE FACTS**

1. At 9:22 am on Tuesday, October 22, 2019, Relators' counsel David Morrison, from Goldberg Kohn Ltd. of Chicago, emailed MEDHOST's undersigned counsel Steve Sozio and Laura Weidenfeld to ask if MEDHOST would object to Relators filing a consolidated response brief to the Defendants' Motions to Dismiss. The entire substance of the email is set forth below. *See* Ex. A.

1

> Steve and Laura
>
> Our response brief is due on Thursday. Given the overlapping issues, we are going to seek leave of court today to file one consolidated response brief in response to the four motions to dismiss filed by Medhost and the CHS entities. Please let us know if you have any objection to our filing a consolidated response brief.
>
> Thank you
>
> David

2. Later that same morning, Ms. Weidenfeld responded that MEDHOST had no objection to a consolidated response brief. *See* Ex. B.

3. Relators' counsel never asked for MEDHOST's consent to an extended page limit for the proposed consolidated brief.

4. At 5:34 pm on October 22, 2019, Relators filed what they captioned an unopposed motion to file a consolidated brief. *See* Dkt 135. Relators did not provide a draft of this purportedly unopposed motion to MEDHOST's counsel before filing the motion. The motion represented that MEDHOST did not oppose an eighty-page limit for Relators' proposed consolidated brief. MEDHOST never provided such consent—which Relators never even sought, even though Local Rule 7.1(a)(3) required them to meet and confer with MEDHOST about the extension. MEDHOST's counsel would not have agreed to an eighty-page response brief if Relators had conferred with them on the issue.

5. On Wednesday, October 23, 2019, at 10:58 am, approximately three business hours after Relators filed what they represented to be an unopposed motion, the Court "reluctantly" granted the motion in the following order (Dkt. 136):

2

**PAPERLESS ORDER: The Court grants [135] the Relators' unopposed motion for leave to file a consolidated response brief to the four motions to dismiss filed by the Defendants. The Court also grants, reluctantly,** *the Relators' unopposed request to exceed the page the limit.* **While the Court understands that the Relators would have otherwise had an opportunity to file four responses of twenty pages each, the Court is also aware that many of the issues raised by the Defendants overlap to a large degree. The Court thus directs the Relators to avoid belaboring their filing with repetitive arguments and to focus on addressing common issues in an organized and efficient manner. The Relators may not rely on the enlarged eighty-page limit as an excuse for presenting meandering and imprecise arguments. Signed by Judge Robert N. Scola, Jr. (kbe)**

6. Counsel for MEDHOST did not have an opportunity to review or respond to Relators' Motion for Leave to file a consolidated response brief until after the Court granted the Motion.

7. On Thursday, October 24, 2019, at 11:36 pm, Relators filed their Consolidated Response in Opposition to Defendants' Motions to Dismiss, which is 76 pages long, with 95 pages of exhibits. Dkt. 137.

8. The vast majority of the Relators' Consolidated Response is directed at the arguments MEDHOST made in its 25-page Motion to Dismiss.

9. On Friday October 25, 2019, after MEDHOST's counsel had an opportunity to review Relators' Consolidated Response, MEDHOST's counsel Mr. Sozio sent an email, attached hereto as Ex. C, to Relators' counsel David Morrison raising the issue of the misrepresentation to the Court, and MEDHOST's lack of agreement to the page expansion. Mr. Sozio also called Relators' counsel Jeff Dickstein and left a voicemail about the issue. Relators' counsel David Morrison responded that they believed the request for an eighty-page limit was implicitly "understood" in their request. Ex. D.

10. On Saturday, October 26, 2019, Mr. Sozio responded to Mr. Morrison's email, informing him that MEDHOST intended to file a motion to strike but was willing to discuss the matter further if Relators' counsel wished. *See* Ex. E.

11. Relators' counsel has not communicated with MEDHOST's counsel any further about this matter.

## II. ARGUMENT

Relators' request for an eighty-page limit breached the local rules by having not been the subject of a prior meet-and-confer, which Relators then misrepresented to the Court. Their lengthy response brief—about which the Court had already expressed reservations—should be stricken as a result.

Southern District of Florida Local Rule 7.1(a)(3) provides that "[p]rior to filing any motion in a civil case, . . . counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non- parties who may be affected by the relief sought in the motion in a food faith effort to resolve by agreement the issues to be raised in the motion." L.R. 7.1(a)(3). Local Rule 7.1(a)(3) also provides that "[f]ailure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel and appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." *Id.*

These rules "have the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010); *see also Castro v. Dir., F.D.I.C.*, 449 F. App'x 786, 788 (11th Cir. 2011). If a court "ignore[s] . . . clear-cut violations of the local rule[s] . . . it will send an improper and unfortunate message: that lawyers can violate the local rules with impunity and not worry." *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 744 F. Supp. 2d 1297, 1302 (S.D. Fla. 2010).

4

Relators have all but admitted that they did not meet and confer on their page limit extension, but rather thought it was implicitly "understood" in their Request to file a consolidated brief. Ex. D. Relators' conduct is exacerbated by the fact that they misrepresented to the Court that they did meet and confer and that the expanded page limit was unopposed. MEDHOST would have opposed this request had it had the opportunity—and, if Relators had followed the local rules, they would have known this and would have needed to indicate MEDHOST's opposition in their motion.

Under these circumstances, the proper remedy is to strike Relators' brief. *See, e.g.*, *Porter v. Collecto, Inc.*, No. 14–21270–CIV, 2014 WL 2612317, at *2 (S.D. Fla. June 11, 2014) (striking Plaintiffs' 39-page brief for exceeding the page limit and failing to meet and confer and ordering costs). Indeed, when a party breaches its meet-and-confer obligations, courts have often chastised the party and/or ordered costs. *See, e.g.*, *Sparta Ins. Co. v. Colareta*, No. 13–60579–CIV, 2013 WL 5588140, at *4 (S.D. Fla. Oct. 10, 2013) (ordering costs and noting that "compliance with the Local Rules' conferral requirement is important. It preserves the resources of the parties and the court by preventing the investment of time and effort in briefing and resolving issues over which no dispute actually exists."*); Lyew v. Homebanc Mtge. Corp.*, NO. 06-61045, 2006 WL 8431568, at *1 (S.D. Fla. Oct. 17, 2006) (chastising Plaintiffs for failure to discuss any of the particulars in their meet and confer with Defendant's counsel because Local Rule 7.1(a)(3) "mandates more than simply notifying opposing counsel that a motion will be filed. Pursuant to this Rule, the parties must make 'a good faith effort'"). This remedy is particularly appropriate here, when Relators not only did not meet and confer with MEDHOST but also then misrepresented the matter to the Court.

Pursuant to Local Rule 7.1(a)(3), MEDHOST's counsel certifies that it has conferred with Relators' counsel in a good faith effort to resolve the issues prior to making this Motion but the parties have been unable to resolve the issues.

### III. Conclusion:

The Court should strike Relators' Consolidated Response in Opposition to Defendants' Motions to Dismiss Relators' First Amended Complaint and grant fees and costs. If the Court denies this Motion, MEDHOST is not requesting additional pages or time to respond to the Relators' Consolidated Response in Opposition to the Defendants' Motions to Dismiss.

Dated: October 28, 2019                                  Respectfully submitted,


                                                         */s/ Erika S. Whyte*


                                                         **Stephen G. Sozio**
                                                         Jones Day
                                                         901 Lakeside Avenue
                                                         Cleveland, OH 44114
                                                         (216) 586-3939
                                                         Email: sgsozio@jonesday.com
                                                         * admitted *pro hac vice*

                                                         **Laura F. Laemmle-Weidenfeld**
                                                         Jones Day
                                                         51 Louisiana Avenue NW
                                                         Washington, DC 20001
                                                         (202) 879-3939
                                                         Fax: 202-626-1700
                                                         Email: lweidenfeld@jonesday.com
                                                         * admitted *pro hac vice*

                                                         **Erika Stephanie Whyte**
                                                         Jones Day
                                                         600 Brickell Avenue
                                                         Suite 3300
                                                         Miami, FL 33131
                                                         (305) 714-9700
                                                         Fax: (305) 714-9799
                                                         Email: ewhyte@jonesday.com
                                                         *LEAD ATTORNEY*

                                                         **Jessica M. Sarkis**
                                                         Jones Day
                                                         901 Lakeside Avenue
                                                         Cleveland, OH 44114
                                                         (216) 586-3939
                                                         Email: jsarkis@jonesday.com
                                                         * admitted *pro hac vice*

                                                         *Attorneys for Defendant MEDHOST, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on October 28, 2019, I caused to be electronically filed the foregoing with the Clerk of Court for using the Court's CM/ECF system, which sent notice of such filing to all counsel of record.

>*/s/ Erika S. Whyte*
>Erika S. Whyte