# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

Case No. 18-20394-CIV-Scola/Torres

UNITED STATES OF AMERICA *ex rel.* )
DEREK LEWIS and JOEY NEIMAN, )
)
        Plaintiffs, )
)
v. )
)
COMMUNITY HEALTH SYSTEMS, INC., )
et al. )
)
        Defendants. )
)

## PLAINTIFFS' RESPONSE TO MEDHOST'S MOTION TO STRIKE PLAINTIFFS' CONSOLIDATED RESPONSE TO DEFENDANTS' FOUR MOTIONS TO DISMISS

On September 24, 2019, the Defendants in this matter (the "CHS Defendants" and "Medhost") filed four separate motions to dismiss and memoranda of law, totaling 83 pages. Rather than file four separate responses, each subject to a 25-page limit (*see* July 11, 2019 order, ECF No. 120), Plaintiffs believed it would be more efficient to file one consolidated response. Specifically, Plaintiffs knew that their one single brief, responding to 83 pages of Defendants' briefing would exceed the 25-page limit for a single brief, but would also be substantially shorter than the 100 pages of permitted briefing if Plaintiffs were to file four separate responses. Plaintiffs' counsel thus sought agreement from the CHS Defendants and from Medhost for Plaintiffs to consolidate the four briefs into one oversized brief.

Plaintiffs' counsel assumed that Defendants understood that Plaintiffs' request for "consolidation" was a request to take four smaller briefs and convert them into one oversized brief. Indeed, Plaintiffs would not have needed any agreement from counsel, or even from the Court, to file one 25-page brief in response to the four motions. In fact, it seemed unlikely to

Plaintiffs' counsel that Defendants' counsel would have believed that Plaintiffs were proposing to respond to 83 pages of Defendants' briefing in only one 25-page brief. Thus, when Plaintiffs' counsel sent an email to each of the CHS Defendants and Medhost, asking for their agreement for Plaintiffs to file a consolidated brief, Plaintiffs' counsel assumed Defendants' respective counsel understood that this was a request to extend the 25-page limit for the single, consolidated brief.

Plaintiffs' counsel were wrong in their assumption. Counsel for Medhost apparently did not understand the request for "consolidation" to be a request to aggregate page limits from multiple briefs into a single brief. This stated confusion is very regrettable, but nothing more than an honest misunderstanding. Plaintiffs' counsel certainly did not intend to hide from anyone the fact that it was planning to file an oversized brief.

Notably, upon receiving Plaintiffs' request for consent, counsel for the CHS Defendants promptly asked how many pages Plaintiffs intended the consolidated brief to be. No similar inquiry was made by Medhost. Plaintiffs' counsel responded to the CHS Defendants' counsel first with an estimate of 75 pages, later amended to 80 pages. Counsel for CHS Defendants did not object to that page limitation. Plaintiffs thus filed a motion seeking leave to file an 80-page brief. Plaintiffs' counsel's communications on this matter were, from the beginning, conducted separately with the CHS Defendants and with Medhost. Therefore, Medhost's counsel was not copied on the communications between Plaintiffs' counsel and CHS's counsel regarding the precise number of pages that Plaintiffs were requesting. It did not occur to Plaintiffs' counsel that the precise page number was of concern to Medhost's counsel. In hindsight, it would have been better to have included counsel for Medhost on the communication regarding the page estimate even though Medhost had not expressed a concern. Medhost's

counsel was, of course, served with Plaintiffs' motion for leave to file a consolidated brief, which expressly contained the 80-page request, and Medhost's counsel was also served with the Order granting Plaintiffs' request. Medhost is correct that the Court ruled on Plaintiffs' motion on Wednesday morning, October 23. But Plaintiffs did not file their consolidated brief until Thursday at 11:36 p.m. It consisted of 76 pages. At no time prior to Plaintiffs' filing of their consolidated brief did Medhost indicate in any way to Plaintiffs that Medhost felt that Plaintiffs had taken undue liberties with Medhost's consent to the consolidation request or that Medhost objected to an 80-page limit. Medhost's email to Plaintiffs' counsel late on Friday, accusing Plaintiffs' counsel of misrepresenting Medhost's consent, was a complete surprise to Plaintiffs' counsel. Plaintiffs' counsel deeply regrets that this misunderstanding occurred and they believe that the circumstances above demonstrate that it was, at worst, an honest misunderstanding.

Moreover, Plaintiffs believe they made a reasonable request to file one, 76-page brief in response to 83 pages of briefing from Defendants – especially where Plaintiffs have the burden to demonstrate detailed compliance with the heightened pleading requirements of 9(b). Thus, no prejudice to Medhost has occurred. Plaintiffs therefore request that the Court deny Medhost's motion to strike. Finally, had Medhost made their concern known to Plaintiffs before Plaintiffs had filed their brief, this entire situation would have been rectified. Therefore, Medhost's request for fees and costs should also be denied.[1]

---

[1] Plaintiffs are filing their own separate motion to strike and refile their brief because the original final version accidentally made reference to a potentially confidential CHS document. That motion by Plaintiffs has nothing to do with Medhost's objection to the number of pages in Plaintiffs' brief.

Dated: October 28, 2019

Respectfully submitted,

PLAINTIFF/RELATORS DEREK LEWIS and JOEY NEIMAN

/s/ Jeffrey W. Dickstein
Jeffrey W. Dickstein (FL Bar No. 434892)

PHILLIPS & COHEN LLP
Southeast Financial Center
200 S. Biscayne Blvd., Suite 2790
Miami, Florida 33131
Tel: (305) 372-5200
jdickstein@phillipsandcohen.com

/s/ David E. Morrison
David E. Morrison

David J. Chizewer*
David E. Morrison*
Harleen Kaur
Danielle K. Johnson
Juan C. Arguello
GOLDBERG KOHN LTD.
55 E. Monroe Street, Suite 3300
Chicago, IL 60565
Tel: (312) 201-4000
Fax: (312) 863-7472
david.chizewer@goldbergkohn.com
david.morrison@goldbergkohn.com
harleen.kaur@goldbergkohn.com
danielle.johnsons@goldbergkohn.com
juan.Arguello@goldbergkohn.com

Colette G. Matzzie*
Luke J. Diamond
PHILLIPS & COHEN LLP
2000 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel: (202) 833-4567
cmatzzie@phillipsandcohen.com
ldiamond@phillipsandcohen.com

-5-

Edward Arens*
PHILLIPS & COHEN LLP
100 The Embarcadero, Suite 300
San Francisco, CA 94105
Tel: (415) 836-9000
earens@phillipsandcohen.com
*Admitted Pro Hac Vice