UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 18-20394-CIV-Scola/Torres

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DEREK LEWIS and JOEY NEIMAN, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) |
| COMMUNITY HEALTH SYSTEMS, INC., et al. | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

### PLAINTIFFS' MOTION TO SEAL DOCKET ENTRY NO. 137

Plaintiffs/Relators hereby move, pursuant to Fed. R. Civ. P. 7(b) and Local Rule 5.4, for this Court to seal Docket Entry No. 137, and in support thereof states as follows:

1. On October 24, 2019, Plaintiffs/Relators filed their Consolidated Response in Opposition to Defendants' Motions to Dismiss Relators' First Amended Complaint and Incorporated Memorandum of Law (the "Opposition"). *See* ECF No. 137.

2. The Opposition inadvertently referenced a document that CHS produced to the Department of Justice ("DOJ") in response to a Civil Investigative Demand ("CID") and that was designated as confidential. Plaintiffs did not intend to include it in the public record.

3. Plaintiffs also intend to file a Notice of Striking Docket Entry No. 137 and Notice of Errata and Motion for Leave to file a corrected Opposition and supporting exhibits.

4. While material filed in connection with dispositive pretrial motions is generally subject to a right of public access, that right may be overcome on a showing of good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (citing *Chicago Tribune*

*Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1312 (11th Cir. 2001)).  A showing of good cause requires "balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential," which turns on the "nature and character of the information in question."  *Chicago Tribune*, 263 F.3d at 1309 & 1315. In balancing the public and private interests, courts consider whether public access would "impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents."  *Romero*, 480 F.3d at 1246 (citations omitted).  A party's privacy or proprietary interest in information may overcome the interest of the public in accessing the information.  *See Nixon v. Warner Commcn's, Inc.,* 435 U.S. 589, 598 (1978).

5. There is good cause to seal Docket Entry No. 137, which references a document that CHS produced to the DOJ in response to a CID and designated as confidential.  The document was therefore produced in a non-public proceeding and the producing party has asserted a privacy or proprietary interest with respect to it.  *Cf. In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987) ("[P]rivate litigants have protectable privacy interests in confidential information disclosed through discovery.").  These circumstances weigh strongly in favor of sealing.

6. The privacy or proprietary interests in the document referenced in Docket Entry No. 137 outweigh any public interest in disclosure.  Relators did not intend to include the document in the public record and Relators are filing a Notice of Striking Docket 137 and a Notice of Errata with a corrected Opposition in the public record.  The confidential document referenced in that entry will accordingly play no role in the Court's resolution of the underlying Motions to

Dismiss. Accordingly, sealing Docket Entry No. 137 will have no effect on the public's ability to review the basis for the Court's decisions in this action. *Cf. Romero*, 480 F.3d at 1246 ("Decisions less central to merits resolutions implicate lesser right-to-access considerations." (citation omitted)). Because Docket Entry No. 137 will play no role in merits resolutions, the public's interest in the document referenced therein is limited at best and outweighed by the countervailing privacy and proprietary interests.

7. Upon discovery of the inadvertent reference to the document, counsel for Relators contacted the United States Attorney's Office for the Southern District of Florida and the Department of Justice on Friday, October 25. The Government indicated that they concurred in moving to seal and strike Docket No. 137, and with Relators' intention to file a corrected Opposition. On Saturday, October 26, counsel for Relators contacted counsel for the Defendant CHS Entities and informed them of the inadvertent disclosure. Counsel for Relators provided counsel for the Defendant CHS Entities with a copy of the CHS document and provided them with the reference to it in the Opposition brief. Counsel for Relators also informed counsel for the Defendant CHS Entities of their intention to move to seal and to strike Docket Entry No. 137, and to file a corrected Opposition. On Monday, October 28, at approximately 9:30 p.m., counsel for CHS informed counsel for Relators that they do not object to moving to seal and strike Docket Entry No. 137, or with Relators moving to file a corrected Opposition. Also, on Monday, October 28, counsel for Relators informed counsel for Medhost of the inadvertent reference to a CHS document and of their intention to seek the relief herein and of their intention to move to seal and to strike Docket Entry No. 137 and to move to file a corrected Opposition. On Tuesday, October 29, counsel for Medhost informed counsel for Relators that they do not oppose the relief of striking the Opposition but do oppose Relators' intended Motion for Leave to file a corrected Opposition

and may decide to file an opposition to Relators' intended Motion for Leave to file a corrected Opposition.

WHEREFORE, Plaintiffs respectfully request that the Court seal Docket Entry No. 137.

| | |
|---|---|
| Dated: October 29, 2019 | Respectfully submitted,<br><br>PLAINTIFF/RELATORS DEREK LEWIS and JOEY NEIMAN<br><br>/s/ Jeffrey W. Dickstein<br>Jeffrey W. Dickstein (FL Bar No. 434892)<br>PHILLIPS & COHEN LLP<br>Southeast Financial Center<br>200 S. Biscayne Blvd., Suite 2790<br>Miami, Florida 33131<br>Tel: (305) 372-5200<br>jdickstein@phillipsandcohen.com<br><br>Colette G. Matzzie*<br>Luke J. Diamond<br>PHILLIPS & COHEN LLP<br>2000 Massachusetts Ave., N.W.<br>Washington, D.C. 20036<br>Tel: (202) 833-4567<br>cmatzzie@phillipsandcohen.com<br>ldiamond@phillipsandcohen.com<br><br>Edward Arens*<br>PHILLIPS & COHEN LLP<br>100 The Embarcadero, Suite 300<br>San Francisco, CA 94105<br>Tel: (415) 836-9000<br>earens@phillipsandcohen.com<br><br>David J. Chizewer*<br>David E. Morrison*<br>Harleen Kaur<br>Danielle K. Johnson<br>Juan C. Arguello<br>GOLDBERG KOHN LTD.<br>55 E. Monroe Street, Suite 3300<br>Chicago, IL 60565 |

-4-

Tel: (312) 201-4000
Fax: (312) 863-7472
David.chizewer@goldbergkohn.com
David.morrison@goldbergkohn.com
Harleen.kaur@goldbergkohn.com
Danielle.johnsons@goldbergkohn.com
Juan.Arguello@goldbergkohn.com

*Admitted Pro Hac Vice*