UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 18-20394-CIV-Scola/Torres

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DEREK LEWIS and JOEY NEIMAN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| COMMUNITY HEALTH SYSTEMS, INC., et al. | ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE CORRECTED CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS RELATORS' FIRST AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs/Relators now file this Motion for Leave to File a Corrected Consolidated Opposition[1] to Defendants' Motions to Dismiss Relators' First Amended Complaint and Incorporated Memorandum of Law, and in support thereof state as follows:

1.      On October 24, 2019, Plaintiffs/Relators filed their Consolidated Response in Opposition to Defendants' Motions to Dismiss Relators' First Amended Complaint and Incorporated Memorandum of Law (the "Opposition").  *See* ECF No. 137.

2.      On October 25, 2019, Relators discovered that the Opposition inadvertently referenced, at pages 13 and 25-26, a document CHS produced to the Department of Justice ("DOJ") in response to a Civil Investigative Demand ("CID") and that was designated as confidential.  As Relators informed the Court in their Motion to Seal Docket Entry No. 137,

---

[1] The Court's order granting Relators' motion to file a consolidated response in opposition to Defendants' motion to dismiss was issued on Oct. 23, 2019 (ECF No. 136). Defendant Medhost has moved to strike the consolidated brief (ECF 138) on grounds unrelated to the correction before the Court in the present motion.

Relators did not intend to include the reference to that document in the public record.  *See* ECF No. 141.

       3.     To address this inadvertent error, Relators informed all counsel of the inadvertent error, including counsel for the United States, and Relators' plan to move this Court to seal the Opposition, and to seek leave to file this corrected Opposition.

       4.     The corrected Opposition, lodged herewith, deletes the references to the subject document and makes corresponding corrections to the Table of Contents, Table of Authorities, and the footnote numbering. Otherwise, the Corrected Opposition is identical to the document filed as ECF No. 137. The corrections do not change or affect the substance of Relators' position.

       5.     In conjunction with sealing ECF No. 137, filing the corrected Opposition will ensure that the confidential document referenced in ECF No. 137 will play no role in the Court's resolution of the underlying Motions to Dismiss.

       6.     Florida courts have granted motions for leave to file corrections where a party promptly sought to correct an inadvertent error that did not affect the substance of the party's arguments. *See Starks v. United States*, No. 07-20588-CR, 2010 WL 4192875, at *1 (S.D. Fla. Oct. 19, 2010) (granting Motion for Leave to File Corrected Objections that sought to insert a reference to an exhibit attached to its original Objections); *Battle v. Am. Home Mortg. Servicing Inc.*, No. 2:15-CV-563-FTM-38CM, 2016 WL 7116272, at *1 (M.D. Fla. Dec. 7, 2016) (granting Motion to File Corrected Opposition to Defendant's Motion to Dismiss where counsel inadvertently filed an incorrect version of their response); *Sundale, Ltd. v. Kapila*, No. 17-CV-20255, 2017 WL 8780917, at *2 (S.D. Fla. Sept. 14, 2017), report and recommendation adopted, No. 17-20255-CIV, 2018 WL 1709716 (S.D. Fla. Mar. 28, 2018) (acknowledging Court's granting of Appellants' Motion for Leave to File Corrected Response and Reply

Memorandum, D.E. 35, 35-1 & 36, due to inadvertent error of numbers being transposed). Although when granting such motions, courts typically do not apply any particular standard, in *Battle* the court applied a "good cause" standard.

7.      Good cause exists because Relators' error was inadvertent as they did not intend to refer to a document that CHS had produced to the Government under the CID, and this Court does not need to refer to the document to rule on the Motions to Dismiss.  There is no prejudice to any party from filing the corrected Opposition.  Granting leave to file the corrected Opposition will allow the public to access the information the Court will consider in ruling on the Motions to Dismiss.

8.      Upon discovery of the inadvertent reference to the document, counsel for Relators contacted the United States Attorney's Office for the Southern District of Florida and the Department of Justice on Friday, October 25.  The Government indicated that they concurred in moving to seal and strike Docket No. 137, and with Relators' intention to file a corrected Opposition.

9.      On Saturday, October 26, counsel for Relators contacted counsel for the Defendant CHS Entities and informed them of the inadvertent disclosure.  Counsel for Relators provided counsel for the Defendant CHS Entities with a copy of the CHS document and provided them with the reference to it in the Opposition brief.  Counsel for Relators also informed counsel for the Defendant CHS Entities of their intention to move to seal and to strike Docket Entry No. 137, and to file a corrected Opposition.  On Monday, October 28, at approximately 9:30 p.m., counsel for CHS informed counsel for Relators that they do not object to moving to seal and strike Docket Entry No. 137, or with Relators moving to file a corrected Opposition.

10. On Monday, October 28, counsel for Relators informed counsel for Medhost of the inadvertent reference to a CHS document and of their intention to seek the relief herein and of their intention to move to seal and to strike Docket Entry No. 137. On Tuesday, October 29, Counsel for Medhost informed counsel for Relators that they did not oppose the relief of striking the Opposition but do oppose a motion for leave to file a corrected Opposition and may file an opposition to this Motion.

WHEFORE, Plaintiffs seek leave of Court to file the attached Corrected Consolidated Response in Opposition to Defendants' Motions to Dismiss Relators' First Amended Complaint and Incorporated Memorandum of Law.

Dated: October 30, 2019

Respectfully submitted,

PLAINTIFF/RELATORS DEREK LEWIS and JOEY NEIMAN

/s/ Jeffrey W. Dickstein
Jeffrey W. Dickstein (FL Bar No. 434892)
PHILLIPS & COHEN LLP
Southeast Financial Center
200 S. Biscayne Blvd., Suite 2790
Miami, Florida 33131
Tel: (305) 372-5200
jdickstein@phillipsandcohen.com

Colette G. Matzzie*
Luke J. Diamond
PHILLIPS & COHEN LLP
2000 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel: (202) 833-4567
cmatzzie@phillipsandcohen.com
ldiamond@phillipsandcohen.com

Edward Arens*
PHILLIPS & COHEN LLP
100 The Embarcadero, Suite 300
San Francisco, CA 94105
Tel: (415) 836-9000
earens@phillipsandcohen.com

-5-

David J. Chizewer*
David E. Morrison*
Harleen Kaur
Danielle K. Johnson
Juan C. Arguello
GOLDBERG KOHN LTD.
55 E. Monroe Street, Suite 3300
Chicago, IL 60565
Tel: (312) 201-4000
Fax: (312) 863-7472
David.chizewer@goldbergkohn.com
David.morrison@goldbergkohn.com
Harleen.kaur@goldbergkohn.com
Danielle.johnsons@goldbergkohn.com
Juan.Arguello@goldbergkohn.com

*Admitted Pro Hac Vice*