**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. | ) | |
| DEREK LEWIS and JOEY NEIMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 18-CV-20394-RNS |
| COMMUNITY HEALTH SYSTEMS, INC., | ) | |
| et al., | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | / | |

**DEFENDANT COMMUNITY HEALTH SYSTEMS, INC.'S REPLY IN SUPPORT**
**OF ITS MOTION TO DISMISS RELATORS' FIRST AMENDED COMPLAINT**

LASH & GOLDBERG LLP
Martin B. Goldberg
Florida Bar No. 0827029
Daryl L. Saylor
Florida Bar No. 100376
100 Southeast 2nd Street, Suite 1200
Miami, FL 33131-2158
Telephone: (305) 347-4040
Facsimile: (305) 347-4050

*Counsel for Defendant Community Health Systems, Inc.*

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

CASE NO. 18-20394-CIV-Scola/Torres

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT...................................................................................................1

ARGUMENT .............................................................................................................................2

   I.  THE COMPLAINT FAILS TO STATE A CLAIM AGAINST CHSI..........................2

      A.  CHSI was Improperly Named as a Defendant Based on Ownership .......................2

      B.  The Complaint Fails to Allege CHSI's Direct Involvement ...................................4

        1.  Relators' Attempt to Add New Allegations Must be Ignored...............................4

        2.  The 10-K SEC Filing Does Not Remedy the Complaint's Defects ......................5

        3.  The Complaint is an Improper Shotgun Pleading .................................................7

CONCLUSION ........................................................................................................................10

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

CASE NO. 18-20394-CIV-Scola/Torres

## TABLE OF AUTHORITIES

*Cases*

*Ambrosia Coal & Const. Co. v. Pages Morales*,
 482 F. 3d 1309 (11th Cir. 2007)..................................................................................9

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) .....................................................................................................3

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) .....................................................................................................3

*Bingham v. HCA, Inc.*,
 2019 WL 3451045 (11th Cir. July 31, 2019)..................................................................1

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*,
 116 F. 3d 1364 (11th Cir. 1997)....................................................................................9

*Bruhl v. PriceWaterhouseCoopers Int'l*,
 2007 WL 997362 (S.D. Fla. Mar. 27, 2007).......................................................................5

*Glob. Tech LED, LLC v. Every Watt Matters, LLC*,
 2016 WL 6682015 (S.D. Fla. May 19, 2016) ...................................................................5

*Griffin Indus., Inc. v. Irvin*,
 496 F.3d 1189 (11th Cir. 2007)......................................................................................7

*Larkin v. Cmty. Health Sys., Inc.*,
 2019 WL 2022238 (E.D. Wash. Mar. 28, 2019)..............................................................7

*Mendez v. JFK Med. Ctr. Ltd. P'Ship*,
 2018 WL 5045210 (S.D. Fla. Sept. 4, 2018) ...................................................................2

*Quimbey by Faure v. Cmty. Health Sys., Inc.*,
 2015 WL 13651236 (D.N.M. Sept. 22, 2015) ...................................................................7

*Runton v. Brookdale Senior Living, Inc.*,
 2018 WL 1057436 (S.D. Fla. Feb. 2, 2018) ...................................................................2

*S-Fer Int'l, Inc. v. Stonesheets, LLC*,
 2016 WL 8808749 (S.D. Fla. July 22, 2016)..................................................................3

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

CASE NO. 18-20394-CIV-Scola/Torres

*Stewart v. Ruston La. Hosp. Co., LLC*,
   2014 WL 1772945 (W.D. La. May 2, 2014) ....................................................................7

*Thornton v. Nat'l Compounding Co., Inc.*,
   2019 WL 2744623 (M.D. Fla. July 1, 2019) ..................................................................8

*U.S. ex rel. Fla. Society of Anesthesiologists v. Choudhry*,
   262 F. Supp. 3d 1299 (M.D. Fla. 2017)........................................................................8

*U.S. ex rel. McFarland v. Fla. Pharmacy Solutions*,
   358 F. Supp. 3d 1316 (M.D. Fla. 2017)........................................................................9

*U.S. ex rel. Osheroff v. Humana, Inc.*,
   776 F. 3d 804 (11th Cir. 2015)....................................................................................4

*U.S. ex rel. Silingo v. Wellpoint, Inc.*,
   904 F.3d 667 (9th Cir. 2018)..................................................................................9, 10

*U.S. ex rel. White v. Gentiva Health Servs., Inc.*,
   2014 WL 2893223 (E.D. Tenn. June 25, 2014) ..........................................................3, 4

*U.S. v. Choudhry*,
   2016 WL 7228760 (M.D. Fla. Oct. 11, 2016) ..............................................................9

*Weiland v. Palm Beach Cty. Sheriff's Office*,
   792 F.3d 1313 (11th Cir. 2015)...................................................................................8

*Wennersten v. Commercial Diver Servs., N.A. Inc.*,
   2012 WL 3230419 (S.D. Fla. Aug. 6, 2012)................................................................5

### Rules & Regulations

17 C.F.R. § 230.421 .......................................................................................................6

Fed. R. Civ. P. 8(a).........................................................................................................3

Fed. R. Civ. P. 9(b)......................................................................................................1, 3

### Other Authorities

Securities Act Release No. 33-7497 (Jan. 28, 1998)...................................................6

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

CASE NO. 18-20394-CIV-Scola/Torres

## PRELIMINARY STATEMENT[1]

Relators' opposition brief does not cure the first amended complaint's ("Complaint")

many defects, any one of which compels Community Health Systems, Inc.'s ("CHSI")

dismissal from this *qui tam* action.

*First*, Relators did not plead a veil piercing theory. CHSI may not be named as a

defendant based on its status as a mere owner of CHSPSC, LLC ("CHSPSC") and the 140

individual hospital defendants ("Hospital Defendants").

*Second*, the Complaint does not allege that CHSI directly participated in the purported

False Claims Act ("FCA") violations.

*Third*, Relators repeatedly contend that determining CHSI's "liability" is inappropriate

at the motion to dismiss stage.  Relators, however, have it backwards: they must plead a viable

claim against CHSI to survive dismissal.

*Fourth*, Relators' planned fishing expedition must be rejected under Rule 9(b) of the

Federal Rules of Civil Procedure. Their opposition brief makes clear that CHSI was only an

after-thought.  Relators concede that they hope to figure out a viable claim against CHSI, if

any, in discovery. *See* Opp. Mem. at 42 ("If Relators discover more facts in discovery that

further elaborate on CHS's corporate shell game, they can amend the pleading to conform to

the facts"). Yet again they have the order reversed. *See Bingham v. HCA, Inc.,* 2019 WL

---

[1] References to the docket are abbreviated as "Doc. No. __." The Complaint or "FAC"
refers to the first amended complaint (Doc. No. 123). CHSI's memorandum of law in support
of its motion to dismiss the Complaint (Doc. No. 134) is abbreviated as "Mov. Mem."
Relators' memorandum of law in opposition to CHSI's motion to dismiss (Doc. No. 137) is
abbreviated as "Opp. Mem." All emphasis is added unless otherwise noted.



MIAMI 100 Southeast 2nd Street, Suite 1200  •  Miami, Florida 33131-2158  •  305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220  •  Weston, Florida 33331-3615  •  954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118  •  Tampa, FL 33606-2315  •  813-284-4002 tel

3451045, at *6 (11th Cir. July 31, 2019) (striking information alleged in an amended FCA complaint that was learned through discovery).

*Fifth*, the Complaint also constitutes an improper "shotgun pleading." It combines four FCA claims within a single count and then packages those claims against Medhost, Inc., CHSI, CHSPSC, and 140 hospitals without differentiating between the "Defendants." *See* FAC ¶¶ 297-302. It is impossible to know which allegations are intended to support which claim for relief against which defendants. Relators' argument that they are permitted to lump the defendants together because the Complaint purportedly alleged a "wheel conspiracy-like fraud" lacks merit and is at odds with the allegations.

## ARGUMENT

### I.   THE COMPLAINT FAILS TO STATE A CLAIM AGAINST CHSI

#### A.  CHSI was Improperly Named as a Defendant Based on Ownership

CHSI cannot be named as a defendant in this *qui tam* action merely based on its status as an "owne[r]" (FAC ¶¶ 30-32) of CHSPSC and the Hospital Defendants.  Relators cite no law that contradicts the ample authority in CHSI's opening brief. *See* CHSI Mov. Mem. at 6-9. Instead, they rely on rhetoric,[2] baseless legal positions, and misplaced citations.

Corporate form may be disregarded if a company's veil is pierced. *See Runton v. Brookdale Senior Living, Inc.*, 2018 WL 1057436, at *7 (S.D. Fla. Feb. 2, 2018). But the Complaint lacks any allegations that seek to hold CHSI accountable on such grounds. Thus,

---

[2] Relators' argument that CHSI "rolls out a blame-shifting argument" (Opp. Mem. at 35) fails to recognize that "there is nothing inherently improper about a corporation creating subsidiaries to perform specific functions. This is what holding companies do." *Mendez v. JFK Med. Ctr. Ltd. P'Ship*, 2018 WL 5045210, at *3 (S.D. Fla. Sept. 4, 2018).

2


LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

CASE NO. 18-20394-CIV-Scola/Torres

Relators' *belated* assertion that an indirect parent company's liability "for the actions of its subsidiary" "is fact specific and should not be resolved on a motion to dismiss" (Opp. Mem. at 35) must be ignored.  Relators likewise argue that "[a]ny inquiry into the relative culpability of CHSI … is simply not appropriate at the motion to dismiss stage." That position, however, again runs afoul of the Federal Rules of Civil Procedure and binding *stare decisis*. *See* Fed. R. Civ. P. 8(a), 9(b). They must plead facts that allow this Court to "draw the reasonable inference" that CHSI "is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  Relators have not done so though.

As for their "corporate veil argument," Relators also suggest that Rule 9(b) does not apply.  Opp. Mem. at 35.  That is yet another position belied by the authorities cited in CHSI's opening brief.  *See* Mov. Mem. at 6-8; *see also S-Fer Int'l, Inc. v. Stonesheets, LLC*, 2016 WL 8808749, at *4 (S.D. Fla. July 22, 2016) (dismissing claim against defendant alleged to be liable on alter ego theory because allegations were "conclusory"). Relators apparently concede that the foregoing authorities require CHSI's dismissal because their opposition brief fails to address them. Instead, Relators point to an unreported case in the U.S. District Court for the Eastern District of Tennessee (*U.S. ex rel. White v. Gentiva Health Servs., Inc.*, 2014 WL 2893223, at *16 (E.D. Tenn. June 25, 2014)).  *White* is inapposite.  The district court there found that relator's complaint – unlike the one here – made *direct* allegations against the parent company. The parent company was the *only* named defendant. It was reasonable to infer the relator's allegations were directed to the parent company.  *Id*. at *3-5.  As a result, *White* has nothing to do with whether a viable veil piercing claim against CHSI was pled.

3

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

CASE NO. 18-20394-CIV-Scola/Torres

## B. The Complaint Fails to Allege CHSI's Direct Involvement

Recognizing that they failed to plead a veil piercing theory, Relators emphasize that a defendant still "'may be held liable if they were directly involved'" in the alleged misconduct. Opp. Mem. at 36 (citation omitted). Their opposition, however, does not cure the problem that no specific, non-conclusory allegations of direct involvement against CHSI were pled. The Complaint only refers to CHSI a handful of times, always focusing on its ownership. *See, e.g.,* FAC ¶ 30 ("[T]hrough its ... subsidiaries, CHSI owned, leased or operated 127 hospitals"); ¶ 31 ("CHSPSC is a subsidiary at CHSI that manages CHS's hospitals"); ¶ 32 ("CHSI and/or its direct and indirect subsidiaries owned, leased or operated each of the hospitals").

### 1. Relators' Attempt to Add New Allegations Must be Ignored

Relators erroneously argue that the Complaint alleged CHSI's direct involvement in the purported scheme. *See* Opp. Mem. at 35-37. Because their own allegations undercut this position, Relators try to recast the Complaint entirely. Now they argue that "*CHSI* corporate selected which of its hospitals would receive Medhost software," "*CHSI* corporate employees were responsible for the implementation of the Medhost software," and "*CHSI* corporate employees … caused the hospitals to each individually attest." *Id.* at 36.

But the Complaint's allegations do not match up with their newly-minted position. *See* Opp. Mem. at 36. The Court's review is limited to the Complaint's allegations, incorporated exhibits, and judicially-noticed documents and facts. *See U.S. ex rel. Osheroff v. Humana, Inc.*, 776 F. 3d 804, 811 (11th Cir. 2015).  Indeed, Relators may not amend the Complaint through new allegations in their opposition brief. *See Bruhl v. PriceWaterhouseCoopers Int'l,*

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

2007 WL 997362, at *4 (S.D. Fla. Mar. 27, 2007) (plaintiff may not supplant allegations with new ones raised in an opposition to a motion to dismiss); *Wennersten v. Commercial Diver Servs., N.A. Inc.*, 2012 WL 3230419, at *1 n.1 (S.D. Fla. Aug. 6, 2012) (same); *Glob. Tech LED, LLC v. Every Watt Matters, LLC*, 2016 WL 6682015, at *9 (S.D. Fla. May 18, 2016) (same).

Ultimately, Relators cannot backpedal from the dearth of allegations against CHSI and mask this deficiency by recasting what was (or was not) alleged. The Complaint fails to state a claim against CHSI.

### 2. The 10-K SEC Filing Does Not Remedy the Complaint's Defects

Relators' reference to CHSI's 2012 10-K SEC filing ("10-K Filing") (Opp. Mem. at 36-37) does not fix the Complaint's shortcomings either.

They suggest that the 10-K Filing demonstrates CHSI "devised and implemented" the purported "fraudulent scheme to submit Meaningful Use attestations to receive incentive reimbursement." Opp. Mem. at 37. Relators urge the Court to consider a statement in CHSI's 10-K Filing that "*[o]ur* hospital facilities have begun to implement EHR technology on a facility-by-facility basis beginning in 2011." But that comment does not demonstrate CHSI "devised and implemented" the purported "fraudulent scheme." Rather, it confirms the Hospital Defendants planned to participate in the federal incentive program using certified EHR technology. Relators' emphasis on these statements therefore is puzzling.

Relators argue otherwise by obscuring what the 10-K Filing actually states. They cherry-pick two phrases in a 204-page document, failing to even attach the entire document or

5

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

provide the necessary context – it is easy to understand why they did not. The very first page

of the 10-K Filing contains a key comment that entirely dispels their position:

> Throughout this Form 10-K, we refer to Community Health Systems, Inc., or the Parent Company, and its consolidated subsidiaries in a simplified manner and on a collective basis, using words like "we," "our," "us" and the "Company." This drafting style is suggested by the Securities and Exchange Commission, or SEC, and is not meant to indicate that the publicly-traded Parent Company or any other subsidiary of the Parent Company owns or operates any asset, business or property. The hospitals, operations and businesses described in this filing are owned and operated, and management services provided, by distinct and indirect subsidiaries of Community Health Systems, Inc.

Community Health Systems, Inc., Annual Report (Form 10-K) 1 (for period ending Dec. 31, 2012).

CHSI, a publicly-traded company, is required by law to make certain public filings and

is subject to various SEC's rules that govern those filings. One such rule is the "Plain English"

rule, which obligates public companies to avoid "legalistic or overly complex presentations

that make the substance of the disclosure difficult to understand" in certain publicly-filed

documents. *See* 17 C.F.R. § 230.421; *see also* Securities Act Release No. 33-7497 (January

28, 1998). CHSI complies by referring to itself and its subsidiaries in a consolidated fashion,

as the 10-K Filing to which Relators cite makes crystal clear.

Contrary to Relators' mischaracterization, the usage of the word "our" does not indicate

that CHSI "operates any asset, business or property," including, for example, the Hospital

Defendants and their usage of "certified EHR technology." To the extent any doubt remains,

the 10-K Filing clarifies that CHSI is a mere "holding company and operates no business in its

own name." Community Health Systems, Inc., Annual Report (Form 10-K) 109 (for period

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

ending Dec. 31, 2012).[3] Thus, Relators' allegation that CHSI was "directly involved" in the purported conduct underlying the Complaint's allegations is untenable and contradicted by the 10-K Filing.  Such allegations are not entitled to the standard presumption of truth.  *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) (facts set forth in a complaint are not entitled to a presumption of truth if the complaint or other documents attached to the complaint contain contradictory factual allegations). Relators' distortion must be disregarded.

In any event, the vague language in the 10-K Filing on which Relators heavily and belatedly rely is insufficient to push their allegations against CHSI from merely conceivable to plausible.

### 3.  **The Complaint is an Improper Shotgun Pleading**

Besides the foregoing infirmities, the opposition brief's attempt to sweep aside the Complaint's status as a defective shotgun pleading is unavailing. Relators cannot walk back the fact that the Complaint improperly lumps CHSI, CHSPSC and the Hospital Defendants together as one corporate monolith.

*First*, Relators unpersuasively focus on *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015), arguing that it supports their position that the Complaint was properly pled.  Relators emphasize that the Eleventh Circuit there found the plaintiff's complaint was sufficient. Opp. Mem. at 39-40.  But *Weiland* often is cited – as was

---

[3] *See, e.g.*, *Quimbey by Faure v. Cmty. Health Sys., Inc.*, 2015 WL 13651236, at *7 (D.N.M. Sept. 22, 2015) ("CHSI is a holding company without employees"); *Stewart v. Ruston Louisiana Hosp. Co., LLC*, 2014 WL 1772945, at *7 (W.D. La. May 2, 2014) ("CHSI is a holding company with no employees, no operational control over its subsidiaries"); *Larkin v. Cmty. Health Sys., Inc.*, 2019 WL 2022238, at *3 (E.D. Wash. Mar. 28, 2019) ("CHSI is a holding company with no employees").


MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel
LASHGOLDBERG.COM

the case here – for its robust summary on the various forms of shotgun pleading. The "rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against" was not at issue.  Relators' tactic of narrowly shining a spotlight on *Weiland* because of its result and glossing over the many other cases cited in CHSI's opening brief (Mov. Mem. at 9-11) lacks merit.

The conflated allegations against "CHS" present a textbook case of the "rare sin" to which *Weiland* refers.  *See*, *e.g.*, FAC ¶ 1 ("This is an action … arising from false and/or fraudulent records, statements and claims made and caused to be made by *Defendants*"); ¶ 17 ("*CHS* disregarded the inadequate functionality"); ¶ 25 ("*Defendants'* … conduct alleged in this Complaint violate[s] the [FCA]"); ¶ 96 ("*CHS* made false claims"); ¶ 296 ("*Defendants* knowingly caused the submission of false claims"). The Complaint ultimately is an improper shotgun pleading that must be dismissed. *See U.S. ex rel. Fla. Society of Anesthesiologists v. Choudhry*, 262 F. Supp. 3d 1299, 1306 (M.D. Fla. 2017) (dismissing FCA complaint because "Relator pleads its claims against the … defendants collectively"); *Thornton v. Nat'l Compounding Co., Inc.*, 2019 WL 2744623, at \*11, 15 (M.D. Fla. July 1, 2019) (finding FCA complaint "impermissibly lumps all Defendants together" "without clarifying which actions were attributable to which Defendant").

*Second*,  Relators argue that they did not have to "differentiate among those allegations that are common to the group" because they purportedly alleged a "wheel conspiracy-like fraud" like the one in *U.S. ex rel. Silingo v. Wellpoint, Inc.*, 904 F.3d 667, 677 (9th Cir. 2018).

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

CASE NO. 18-20394-CIV-Scola/Torres

Opp. Mem. at 38. That position, however, neither can be squared with the law, nor the Complaint's allegations.

As an initial matter, *Silingo* is at tension with the legion of other decisions in this circuit which emphasize the necessity of pleading the specifics of a purported fraud as to each individual defendant.  *See, e.g.*, *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F. 3d 1364, 1381 (11th Cir. 1997); *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F. 3d 1309 (11th Cir. 2007); *U.S. ex rel. McFarland v. Fla. Pharmacy Solutions*, 358 F. Supp. 3d 1316, 1328 (M.D. Fla. 2017); *U.S. v. Choudhry*, 2016 WL 7228760, at *3 (M.D. Fla. Oct. 11, 2016). *Silingo* simply is not controlling and, thus, does not override the Eleventh Circuit's well-settled precedent that prohibits shotgun pleading.

Nor does *Silingo* even apply here because it is distinguishable in all respects. The Ninth Circuit there specifically distinguished between "a fraud suit against differently situated defendants" who "engage in different wrongful conduct," on the one hand, and a suit against defendants "that had the *exact same role* in a fraud," on the other.  *Silingo*, 904 F.3d at 677. A wheel conspiracy was described as one in which "multiple defendants . . . are alleged to have engaged in *precisely the same conduct*" or "to have committed *the same wrongful acts*."  *Id.* Because multiple defendants engaged in precisely the same conduct, the Ninth Circuit allowed the relator to plead collective allegations against them.

Here, Relators contend in their opposition brief that CHSI, an indirect parent company, acted "precisely" the same way as an active management company and 140 different hospitals that attested at different times to different stages of Meaningful Use based on different measures and different software. Relators' position is facially implausible. Opp. Mem. at 38.

9

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200  •  Miami, Florida  33131-2158  •  305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220  •  Weston, Florida  33331-3615  •  954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118  •  Tampa, FL 33606-2315  •  813-284-4002 tel

CHSI (owner (FAC ¶¶ 30, 32)), CHSPSC (manager, (*id*. ¶ 31)) and the 140 individual hospitals (unique attestors (*id*., Ex. B)) each play very distinct roles within the Complaint's own framework. Simply put, the allegations (or lack thereof) against CHSI, CHSPSC and the Hospital Defendants do not constitute a "wheel conspiracy-like fraud." Even if *Silingo* was binding (and it is not), it fails to provide Relators with an excuse to lump the defendants indiscriminately together.

The Complaint is a defective shotgun pleading that must be dismissed as a matter of law.

**CONCLUSION**

For these reasons, Defendant CHSI respectfully requests that the Court enter an Order: (1) dismissing the Complaint against CHSI in its entirety with prejudice for failure to state a claim, and (2) awarding CHSI any and all further relief the Court deems just and appropriate.

Respectfully submitted:

**LASH & GOLDBERG LLP**
Suite 1200, Miami Tower
100 Southeast Second Street
Miami, Florida 33131-2100
(305) 347-4040/Fax: (305) 347-4050
*Attorneys for Defendant Community*
*Health Systems, Inc.*

By: /s/ *Martin B. Goldberg*
    Martin B. Goldberg
    Florida Bar No. 0827029
    mgoldberg@lashgoldberg.com
    Daryl L. Saylor
    Florida Bar No. 100376
    dsaylor@lashgoldberg.com


LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

CASE NO. 18-20394-CIV-Scola/Torres

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 7, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Martin B. Goldberg
Martin B. Goldberg

## SERVICE LIST:

Jeffrey W. Dickstein (FL Bar No. 434892)
PHILLIPS & COHEN LLP
Southeast Financial Center
200 S. Biscayne BlVd., Suite 2790
Miami, Florida 33131
Tel: (305) 372-5200
jdickstein@phillipsandcohen.com

Colette G. Matzzie (admitted *pro hac vice*)
Luke J. Diamond (*pro hac vice* anticipated)
PHILLIPS & COHEN LLP
2000 Massachusetts
Avenue, NW Washington,
DC 20036
Tel: (202) 833-4567
cmatzzie@phillipsandcohen.com

Edward H. Arens (admitted *pro hac vice)*
PHILLIPS & COHEN LLP
100 The Embarcadero, Suite 300 San Francisco, CA 94105
Tel: (415) 836-9000
earens@phillipsandcohen.com

David J. Chizewer (*pro hac vice* anticipated)
David E. Morrison (admitted *pro hac vice*)
Harleen Kaur (*pro hac vice* anticipated)
Danielle K. Johnson (*pro hac vice*
anticipated)
Juan C. Arguello (*pro hac vice* anticipated)

11


MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel 305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel 954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

CASE NO. 18-20394-CIV-Scola/Torres

GOLDBERG KOHN LTD.
55 E. Monroe Street, Suite 3300
Chicago, IL 60603
Tel: (312) 201-4000
Fax: (312) 863-7472
David.Chizewer@goldbergkohn.com
David.Morrison@goldbergkohn.com
Harleen.Kaur@goldbergkohn.com
Danielle.Johnsons@goldbergkohn.com
Juan.Arguello@goldbergkohn.com

12

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel